1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11    DAN CARDENAS and JANE DOE          CASE NO. C11-5578 RJB
      CARDENAS, husband and wife, d/b/a/
12    A&D CONSTRUCTION & ROOFING,        ORDER DENYING PLAINTIFFS'
      a sole proprietorship;             MOTION FOR CONTINUANCE TO
13                                        ALLOW FURTHER DISCOVERY
                         Plaintiffs,      AND GRANTING DEFENDANT'S
14                                        MOTION FOR PARTIAL
            v.                            SUMMARY JUDGMENT
15
      NAVIGATORS INSURANCE
16    COMPANY,

17                       Defendant.

18          This matter comes before the Court on Defendant Navigators Insurance Company's

19    motion for partial summary judgment requesting dismissal of Plaintiff's extra-contractual claims.

20    Dkt. 12.  Plaintiffs Dan Cardenas and Donna Cardenas dba A & D Construction & Roofing move

21    for a continuance of the motion for summary judgment to allow further discovery.  Dkt. 18.  The

22    Court has considered the pleadings in support and in opposition to the motions and the record

23    herein.

24    ORDER DENYING PLAINTIFFS' MOTION FOR
      CONTINUANCE TO ALLOW FURTHER
      DISCOVERY AND GRANTING DEFENDANT'S
      MOTION FOR PARTIAL SUMMARY
      JUDGMENT- 1

1 | **INTRODUCTION AND BACKGROUND**

2 |     Dan Cardenas is a registered contractor in the State of Washington dba A & D

3 | Construction & Roofing.  Cardenas was engaged by the underlying plaintiffs, Elbert and Rogene

4 | Tolson to do an addition on their existing home.  The Tolsons filed suit in Pierce County

5 | Superior Court against Dan Cardenas and Jane Doe Cardenas dba A & D Construction

6 | (Cardenas) on February 4, 2011.  Dkt. 1-2 pp. 1-8.  The underlying complaint alleges that

7 | Cardenas left their home open to the elements, which caused damage to their home.  *Id.*

8 |     Navigators Insurance Company (Navigators) issued a commercial general liability policy

9 | Cardenas for the period of December 12, 2008 to December 12, 2009 under Policy Number: 46-

10 | 10069839.  This policy was subsequently renewed from December 12, 2009 to December 12,

11 | 2010 and from December 12, 2010 to December 12, 2011 with policy numbers of 46-10104915

12 | and 46-10131481 respectively.  Dkt. 13-4 pp. 1-4.

13 |     Cardenas alleges in its Complaint against Navigators that it tendered a claim of defense

14 | and indemnity for the underlying action on February 23, 2011.  Dkt. 1-14 pp. 2.  The February

15 | 23, 2011, tender letter is attached to the Complaint in this action.  Dkt. 1-14 pp. 58. The letter

16 | was addressed to "Navigators Specialty Insurance Company, 2101 Fourth Avenue, Suite 1850,

17 | Seattle, Wa. 98121."  *Id.*  This address was apparently obtained on Navigator's web page.  Dkt.

18 | 22  pp. 2.  This address is not listed anywhere in the policies issued by Navigators to Cardenas.

19 | Dkt. 13-4.  Navigators has no record of ever receiving the February 23, 2011 correspondence on

20 | or about that date.  Dkt. 12 pp. 3.

21 |     On March 17, 2011, Cardenas sent a notice of unreasonable denial of a claim to

22 | Navigators pursuant to RCW 48.30.015(8)(a).  Dkt. 16 pp. 13.  Cardenas attached the February

23 | 23, 2011, tender letter to this notice.  Dkt. 16 pp. 13.

24 |

1    Navigators' Seattle Office received this notice on March 18, 2011, stamped it received,

2    and immediately forwarded the claim to the San Francisco construction claims office.  Dkt. 13-6

3    pp. 2-11.  Navigators opened a claim on March 18, 2011.  Dkt. 13-8 pp. 2.   In a March 22, 2011,

4    letter to Cardenas, Navigators acknowledged receipt of the claim and the initiation of its

5    investigation.  Dkt. 13-8 pp.  Cardenas acknowledges receipt of this notification by fax on March

6    28, 2011.  Dkt. 16 pp. 1, 23.

7    On April 12, 2011, Cardenas filed an answer to the underlying complaint and named

8    Navigators Specialty Insurance Company as a third-party defendant, alleging a breach of the

9    duty to defend.  Dkt. 1-3 pp. 3-7.

10    By letter to Cardenas dated April 15, 2011, Navigators  acknowledged receipt of the

11    Pierce County lawsuit which was tendered for potential defense and/or indemnity under the

12    insurance policies.  Navigators stated that it had initiated an investigation into this matter and

13    would notify the insureds of the results as soon as they were available.  Dkt. 13-9 pp. 2-3.  The

14    letter asked for information regarding the remodel contract at issue and provided the name of a

15    local independent investigator that would be making contact with the insureds regarding the

16    investigation of the claim.  *Id.*

17    On April 28, 2011, Navigators informed counsel representing Cardenas that Navigators

18    would likely pick up the defense. Dkt. 22 pp. 3.

19    On May 18, 2011, Navigators accepted tender of the defense under a reservation of rights

20    and appointed counsel to defend Cardenas in the Pierce County litigation.  Dkt. 13-11 pp. 2-21.

21    Correspondence was sent to Cardenas' counsel requesting they contact assigned counsel at the

22    earliest opportunity to transfer defense of the matter.  Dkt. 13-12  pp.2-5.  This correspondence

23

24

1    also requested that the third-party complaint against Navigators be voluntarily dismissed. *Id.*

2    Cardenas declined to dismiss the third party complaint.

3         Navigators paid all pre and post tender defense costs incurred by Cardenas' personal

4    counsel in defense of the underlying matter.  Dkt. 13-13 pp. 2-5.

5         On May 24, 2011, Cardenas filed an amended third party claim identifying the correct

6    third party defendant as Navigators Insurance Company.  Dkt. 1-5 pp. 3-7.

7         On July 13, 2011, the third party claims against Navigators were severed from the

8    underlying action.  Cardenas re-filed a Complaint against Navigators containing the same factual

9    allegations.  Dkt. 1-14 pp. 1-6.  The complaint alleges causes of action for breach of contract,

10   negligence, bad faith, violation of the Insurance Fair Conduct Act (IFCA), RCW 48.30.015,

11   violation of applicable insurance related Washington Administrative Code provisions, and

12   violation of the Washington State Consumer Protection Act (CPA), RCW 19.86.  *Id.*

13        Navigators' removed the action to this Court on July 27, 2011.  Dkt. 1 pp. 1-8.

14        The parties have exchanged initial disclosures and filed their joint status report.

15   Navigators has produced its claims file in discovery as it existed up to the time that Navigators

16   accepted tender and counsel was retained to represent Cardenas.  Dkt. 9 pp. 1-5; Dkt. 22 pp. 4

17        Navigators filed the instant motion for partial summary judgment seeking dismissal of the

18   extra-contractual claims.  Dkt. 12.  Cardenas has filed a response.  Dkt. 22.  Cardenas has also

19   moved to continue pursuant Fed. R. Civ. Pro 56(d) to allow further discovery.  Dkt. 18.

20                    **RULE 56(d) CONTINUANCE TO ALLOW DISCOVERY**

21        Cardenas requests a continuance of Navigators' motion for partial summary judgment

22   pursuant to Fed. R. Civ. P. 56(d).  A party requesting a continuance, denial, or other order under

23   Rule 56(d) must demonstrate: (1) it has set forth in affidavit form the specific facts it hopes to

24

1   elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential

2   to oppose summary judgment.  *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp*.,

3   525 F.3d 822, 827 (9th Cir. 2008); *California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998).

4   The rule requires (a) a timely application which (b) specifically identifies (c) relevant

5   information, (d) where there is some basis for believing that the information sought actually

6   exists.  *Employers Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co*., 353 F.3d

7   1125, 1129 (9th Cir. 2004).  The burden is on the party seeking additional discovery to proffer

8   sufficient facts to show that the evidence sought exists, and that it would prevent summary

9   judgment.  *Chance v. Pac-Tel Teletrac Inc*., 242 F.3d 1151, 1161 n. 6 (9th Cir. 2001); *Tatum v.*

10  *City & County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).  The movant "must make

11  clear what information is sought and how it would preclude summary judgment." *Margolis v.*

12  *Ryan*, 140 F.3d 850, 853 (9th Cir. 1998).  Denial of a Rule 56(d ) application is proper where it is

13  clear that the evidence sought is almost certainly nonexistent or is the object of pure speculation.

14  *State of Cal., on Behalf of California Dept. of Toxic Substances Control v. Campbell*, 138 F.3d

15  772, 779-80 (9th Cir. 1998).  Failing to meet this burden is grounds for the denial of a Rule 56(d)

16  motion.  *Pfingston v. Ronan Eng. Co.,* 284 F.3d 999, 1005 (9th Cir. 2002).

17          Cardenas argues that the motion for partial summary judgment should be continued until

18  Navigators produces "all communications between defense counsel and Navigators adjusters, all

19  portions of Navigators files involving communications between defense counsel and Plaintiffs,

20  and allow the Fed. R. Civ. Pro. 30(b)(6) deposition of Navigators to take place."  Dkt. 18 pp. 1.

21  Cardenas argues that they should have the opportunity to "review the entire claims file" and that

22  they "should be should be given the opportunity to depose the designee of Navigators on issues

23

24

1   of tender, any assistance to Cardenas by Navigators, and allegations of non-cooperation by

2   Cardenas.  Dkt. 18 pp. 2-3

3          It is undisputed that Navigators has accepted tender of the claim and is defending under a

4   reservation of rights.  Cardenas' claims concerning this duty to defend are confined to timing of

5   Navigators' determination to accept the tender and provide a defense.  In other words, the instant

6   litigation concerns the issue of whether Navigators is liable for "belatedly defending Cardenas."

7   Dkt. 18 pp. 3.  The issues are confined to the timing of Navigators actions in providing a defense

8   and whether they constitute negligence, bad faith, violation of the Insurance Fair Conduct Act

9   (IFCA), RCW 48.30.015, violation of applicable insurance related Washington Administrative

10  Code provisions, and violation of the Consumer Protection Act (CPA), RCW 19.86.

11         Navigators has produced its claims file up to the time it provided a defense to the

12  underlying litigation.  The claim notes and relevant correspondence regarding the timing of

13  Navigators decision to defend Cardenas under a reservation of rights is contained in these

14  documents.

15         Cardenas has not demonstrated the existence or the necessity of discovery of additional

16  facts relevant to the issue of the timing of Navigators' response.  Cardenas has not submitted

17  affidavits that demonstrate the particular facts to be disclosed that are essential to a defense of

18  the motion for partial summary judgment.  The evidence Cardenas' seeks is the object of pure

19  speculation and almost certainly tangential to the issues raised in the Complaint.  Plaintiff's

20  continuance request is based solely on an assumption and/or mere hope that Cardenas will

21  discover evidence sufficient to defeat Navigators' motion or discover additional basis to support

22  the claims.

23         The motion for a Rule 56(d) continuance should be denied.

24

## SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, affidavits or declarations, stipulations, admissions, answers to interrogatories, and other materials in the record show that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the initial burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  On those issues for which it bears the burden of proof, the moving party must make a showing that is sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party.  *Idema v. Dreamworks, Inc.*, 162 F.Supp.2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000).  A "material fact" is a fact that might affect the outcome of the suit under the governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate.  *See v. Durang,* 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* at 248.  The mere existence of a

1   scintilla of evidence in support of the party's position is insufficient to establish a genuine

2   dispute; there must be evidence on which a jury could reasonably find for the party.  *Id*., at 252.

3   **BREACH OF CONTRACT**

4   Cardenas alleges that Navigators breached the duty to defend in accordance with the

5   terms of the insurance policy.  Breach of contract claims depend on proof of four elements: duty,

6   breach, causation, and damages.  *Northwest Indep. Forest Mfrs. v. Dep't of Labor & Indus*., 78

7   Wn.App. 707, 712, 899 P.2d 6 (1995).

8   Third-party liability carriers generally owe their insureds two duties under the policy:  the

9   duty to defend suits against them and the duty to indemnify the insured for judgments and

10  settlements covered under the terms of the policy.  *Mutual of Enumclaw Ins. Co. v. Dan Paulson*

11  *Constr. Co*., 161 Wn.2d 903, 916, 169 P.3d 1 (2007).  It is undisputed here that Navigators has

12  not denied a defense and has paid all pre and post tender defense costs associated with the

13  underlying lawsuit.  Moreover, the underlying lawsuit is still ongoing. As a result, Navigators

14  has not breached its obligation under the policy to defend and indemnify.

15  *Olympic Steamship v. Centennial Ins. Co*., 117 Wn.2d 37, 811 P.2d 673 (1991) provides

16  the right for an insured to recoup attorney fees that it incurs in instituting an action because an

17  insurer refuses to defend or pay the action or claim of the insured.  Here, Navigators has not

18  refused to defend.  Navigators is providing a defense to the ongoing underlying suit.  It is

19  undetermined at this date whether indemnity is owed and Cardenas is not asserting that

20  Navigators breached the duty to indemnify.

21  The breach of contract claim and attendant claim for an award of attorney fees pursuant

22  to *Olympic Steamship* are subject to dismissal.

23

24

**INSURANCE FAIR CONDUCT ACT**

The Insurance Fair Conduct Act (IFCA), RCW 48.30.015, provides as follows:

(1) Any first party claimant to a policy of insurance who is unreasonably denied a claim for coverage or payment of benefits by an insurer may bring an action in the superior court of this state to recover the actual damages sustained, together with the costs of the action, including reasonable attorneys' fees and litigation costs, as set forth in subsection (3) of this section.

The IFCA further provides that a court "may, after finding that an insurer has acted unreasonably in denying a claim for coverage or payment of benefits or has violated [certain insurance regulations], increase the total award of damages to an amount not to exceed three times the actual damages."  RCW 48.30.015(2).  A court "shall, after a finding of unreasonable denial of a claim for coverage or payment of benefits, or after a finding of a violation of a rule in subsection (5) of this section, award reasonable attorney's fees and actual and statutory litigation costs, including expert witness fees, to the first party claimant of an insurance contract who is the prevailing party in such an action."  RCW 48.30.015(3).

The statute provides a list of violations that give rise to treble damages or to an award of attorney's fees and costs.  This list includes violations of WAC 284-30-330, 350, 360, 370, and 380.  RCW 48.30.015(5).

Cardenas asserts that Navigators' delay in providing a defense to the underlying ligation violated a number of these enumerated regulations:

WAC 284.30.330 (2).  It is an unfair practice for an insurer to fail to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.

1    WAC 284-30-350 (l).  No insurer shall fail to fully disclose to first party claimants all

2    pertinent benefits, coverages or other provisions of an insurance policy or insurance contract

3    under which a claim is presented.

4    WAC 284-30-350 (2).  No agent shall conceal from first party claimants benefits,

5    coverages or other provisions of any insurance policy or insurance contract when such benefits,

6    coverages, or other provisions are pertinent to a claim.

7    WAC 284-30-360 (1).  An insurer should respond to a claim within ten working days of

8    receiving it.

9    WAC 284-30-360 (4) An insurer shall provide reasonable assistance to an insured

10   making a claim and such assistance should be done pursuant to the time frames of W AC 284-

11   30-360 (1)

12   WAC 284-30-370.  An insurer must complete investigation of a claim within thirty days

13   after notification, unless the investigation cannot reasonably be completed within that time.

14   Cardenas asserts that the claim was tendered on February 23, 2011.  Navigators maintains

15   that it did not receive this tender letter and that it wasn't until March 18, 2011, that Navigators

16   received a tender and notice of the underlying suit.  Navigators acknowledged the claim on

17   March 22, 2011, four days after receipt.  Navigators appointed an investigator, communicated

18   with its insured and began its investigation pursuant to the policy. Following its investigation, on

19   May 18, 2011, Navigators agreed to defend under a reservation of rights.

20   The regulations require the insurer to acknowledge and act reasonably promptly upon

21   communications with respect to claims.  Further, upon notice of a claim, an insurer should

22   respond within ten working days.  Cardenas argues that notice of the claim was provided on

23   February 23, 2011, and Navigators failed to acknowledge the tender until, at the earliest, March

24

22, 2011.  This exceeds ten working days and is a violation of WAC 284-30-360 (1).
Navigators' claim file indicates that notice was not received until Cardenas' subsequent notice
on March 18, 2011 and that there was an acknowledgement on March 22, 2011.  The
investigation was initiated, and on May 18, 2011, Navigators agreed to defend Cardenas.

Irrespective of the diputed time frames, the purported delay in acknowledgement of the
tender and completion of an investigation was not unreasonable and not a violation of the IFCA.
Although violations of the enumerated regulations provide grounds for trebling damages or for
an award of attorney's fees; they do not, on their own, provide a IFCA cause of action absent an
unreasonable denial of coverage or payment of benefits.  See *Weinstein & Riley, P.S. v. Westport
Ins. Corp*., No. C08-1694 JLR,  2011 WL 887552 (W.D. Wash. March 14, 2011); *Travelers
Indem. Co. v. Bronsink*, No.C08-1524 JLR, 2010 WL 148366 (W.D. Wash. Jan 12, 2010); *Lease
Crutcher Lewis WA, LLC v. Nat. Union Fire Ins. Co. of Pittsburgh, PA*,  No. C08-1862 RSL,
2010 WL 4272453 (W.D. Wash. Oct.15, 2010).

Violations, if any, of the 10 and 30 day time periods for acknowledging a claim and
completing an investigation, are simple technical violations and standing alone, do not evidence
any unreasonable conduct on the part of Navigators in promptly responding to the tender.

Nor has Cardenas established a material issue of fact supporting an unreasonable
violation of the other enumerated regulations.  There is no evidence that Navigators failed to
disclose or concealed benefits, coverages, or other provisions of insurance, or to provide
reasonable assistance to its insured.

Additionally, IFCA provides for a 20–day period in which to "cure" any alleged
violation.  RCW 48.30.015(8)(a) and (b).  Cardenas provided the requisite notice of unreasonable
denial of claim to Navigators by letter dated March 17, 2011.  Dkt. 16 pp. 13.  This notice states

1   that the Cardenas tendered his claim to Navigators for defense and indemnity on February 23,

2   2011, and "have not heard anything back from Navigators." *Id.*  Navigators received this

3   notification the following day on March 18, 2011.  On March 22, 2011, in a letter to Cardenas,

4   Navigators acknowledged receipt of the tender and stated that it had initiated an investigation

5   into this matter and would notify the insureds of the results as soon as they are available.

6   Subsequently, on May 18, 2011, Navigators accepted tender of the defense under a reservation of

7   rights and appointed counsel to defend Cardenas in the Pierce County litigation.

8          According to this timeline, Navigators acknowledged the tender within the 20-day grace

9   period provided for in RCW 48.30.015(8)(a).  This acknowledgement cures the purported lack of

10  communication regarding the tender.  There being a cure, there is no basis for a cause of action

11  for violation of IFCA.

12         Cardenas has also failed to demonstrate that any purported breach of the insurance

13  regulations caused him harm.  Even were harm to be presumed, Navigators has overcome any

14  such presumption by establishing that they have provided a defense and paid all pre and post

15  tender defense costs incurred by Cardenas' personal counsel in defense of the underlying matter.

16         Cardenas has failed to raise a material issue of fact that Navigators' actions were

17  unreasonable given the facts and circumstances of the case. Cardenas' IFCA claim fails as a

18  matter of law.

19                                    **BAD FAITH CLAIM**

20         Insurer bad faith claims are analyzed applying the same principles as any other tort: duty,

21  breach of that duty, and damages proximately caused by any breach of duty.  *Mutual of*

22  *Enumclaw Ins. Co. v. Dan Paulson Constr. Co.,* 161 Wn.2d 903, 916, 169 P.3d 1 (2007).  In

23

24

order to establish bad faith, an insured is required to show the breach was unreasonable, frivolous, or unfounded.  *Kirk v. Mt. Airy Ins. Co.*, 134 Wn.2d 558, 951 P.2d 1124 (1998).

An insurer has a duty to act with reasonable promptness in investigation and communication with their insureds following notice of a claim and tender of defense.  *St. Paul Fire & Marine Ins. Co. v. Onvia, Inc.*, 165 Wash.2d 122, 132, 196 P.3d 664 (2008).  An unreasonable, frivolous, or unfounded breach of this duty is bad faith.  *Id.*

Harm is an essential element of an action for an insurance company's bad faith handling of a claim. *St. Paul Fire & Marine Ins. Co. v. Onvia, Inc.*, 165 Wash.2d 122, 1323, 196 P.3d 664 (2008).  If the insured shows by a preponderance of the evidence that the insurance company breached its duty of good faith, there is a presumption of harm.  *Id*. The insurance company can rebut this presumption by showing by a preponderance of the evidence that its breach did not harm or prejudice the insured.  *Id*.

It is undisputed here that Navigators assigned defense counsel to defend Cardenas under a reservation of rights on May 18, 2011.  It is also undisputed that Navigators has paid pre and post tender attorney fees to Cardenas' personal counsel during the period in which personal counsel was representing Cardenas in the underlying action.  As with the other causes of action, Cardenas' allegations of bad faith stem solely from the alleged actions taken by Navigators between the date of tender and the date Cardenas filed this suit, April 12, 2011.

As previously noted, Cardenas has failed to raise a genuine issue of fact that any violation of the governing regulations was unreasonable, frivolous, or unfounded.  Navigators acted with reasonable promptness in investigation and communication with Cardenas following notice of a claim and tender of defense.  Further, there is no evidence that Cardenas was harmed by any delay in providing a defense.  The bad faith claim is subject to dismissal.

**CONSUMER PROTECTION ACT**

To establish a violation of the Washington Consumer Protection Act (CPA), a plaintiff must demonstrate: (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 719 P.2d 531, (1986); RCW 19.86.060.  Violations of WAC 284-30-330 may constitute per se violations of the CPA, provided the other *Hangman Ridge* factors are also met.  *Truck Ins. Exch. v. VanPort Homes, Inc.*, 147 Wn.2d 751, 764, 58 P.3d 276, 281-82 (2002).  In addition, an insurer's bad faith constitutes a per se violation of the CPA. *Ledcor Indus. (USA), Inc. v. Mut. of Enumclaw Ins. Co.*, 150 Wn.App. 1, 12, 206 P.3d 1255 (2009).

The CPA claim fails for the same reasons as the IFCA and bad faith claims.  Cardenas has failed to establish a genuine issue of fact that there was a breach of a duty of care and that Cardenas suffered harm.

The Consumer Protection Act claim is subject to dismissal.

**NEGLIGENCE**

Cardenas assets that Navigators failed to exercise ordinary care in investigating and handling the tender of defense made by Cardenas.

A negligence cause of action requires proof of four elements, (1) duty, (2) breach of that duty, (3) damages, (4) proximately caused by the breach.  *Hartley v. State*, 103 Wn.2d 768, 777, 698 P.2d 77 (1985).  The analysis of a negligence cause of action is essentially the same as that of a claim of bad faith.  See *Hamilton v. State Farm*, 83 Wn.2d 787, 523 P.2d 193 (1974).

Cardenas having failed to establish a cause of action for bad faith, the negligence action is also subject to dismissal.

1

## CONCLUSION

2       For the foregoing reasons, Cardenas is not entitled to a Rule 56(d) continuance for further

3   discovery.  Navigators is entitled to summary judgment dismissing Plaintiffs' extra-contractual

4   claims and breach of contract claim.

5       Therefore, it is hereby **ORDERED:**

6       1.   Plaintiffs' Motion for Fed. R. Civ. P. 56(d) Continuance to Allow Discovery

7            (Dkt. 18) is **DENIED**.

8       2.   Defendant's Motion for Partial Summary judgment (Dkt. 12) is **GRANTED**.

9       3.   Defendants' causes of action for breach of contract, Insurance Fair Conduct Act

10           violations, bad faith, Consumer Protection Act violations, and negligence are

11           **DISMISSED.**

12      4.   The parties are directed to file an amended joint status report, no later than December

13           19, 2011, indicating what causes of action remain in this action and the status of any

14           pending motions.

15      Dated this 16th day of December, 2011.

16

17      _____

18      ROBERT J. BRYAN
        United States District Judge

19

20

21

22

23

24